53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patrick Dean COANDO, Petitioner-Appellant,
v.
Scott CARVER, Warden, Utah State Prison, Respondent-Appellee.
 No. 94-4132.
 
 (D.C. No.94-CV-240-B)
 United States Court of Appeals, Tenth Circuit.
 April 27, 1995.
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Patrick Dean Coando (Coando or appellant), appearing pro se, seeks leave to proceed on appeal in forma pauperis and a certificate of probable cause to challenge the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. We grant Coando's motion to proceed in forma pauperis and for a certificate of probable cause simply to reach the merits.
 
 
 3
 Coando, an inmate of the Central Utah Correctional Facility, Gunnison, Utah, filed this habeas action alleging that he is an Indian and a citizen of the United States and that because he is an Indian and a dependent of the United States, his present conviction of burglary in the second degree imposed in the District Court of Duchesne County, Utah, was for an offense which occurred beyond the exterior boundaries of an Indian Reservation and was thus illegal. Coando asserts that he could only be tried in a federal court.
 
 
 4
 The matter was referred to United States Magistrate Judge Ronald N. Boyce, who issued his Report and Recommendation, concluding that Coando's petition was without merit "Since petitioner's crime was on state lands not in Indian Country as defined in 18 U.S.C. 1151, the State of Utah had jurisdiction." The magistrate judge recommended that the petition be dismissed. In his objection to the Report and Recommendation, Coando requested that he be granted leave to amend his petition to clarify to the magistrate judge that the Report and Recommendation "... named wrong Utah State Court as Court whose Judgment conviction was under attack." He did not name the "correct" court. Further, we observe that in Coando's pro se brief on appeal, no contention is made that the federal district court relied upon a conviction from a "wrong" Utah state court.
 
 
 5
 The district court, noting Coando's objections, entered a Memorandum Decision and Order adopting the magistrate judge's Report and Recommendation and dismissing Coando's petition for a writ of habeas corpus.
 
 
 6
 On appeal, Coando argues "Fact appellant was denied Jurisdiction Hearing to establish conviction court's legal authority/Jurisdiction to prosecute and convict him of offense charged. Fact conviction court denied appellant fair & speedy trial as guaranteed him by U.S. Const. Fact (state court conviction) did not and does not, possess judicial authority to prosecute in state court, the appellant, which same is American Indian possesses Enrollment census number and thereby is Ward of Government and is under authority & legal control national court, and U.S. Dept. of War, and is not under obligation, or authority of State law, in State court, whereas U.S. Government & Congress & U.S. to use their courts against American Indians forcefully restrained on reservations in their states."
 
 
 7
 We AFFIRM for substantially the reasons set forth in the Report and Recommendation of United States Magistrate Judge Ronald N. Boyce entered and dated March 22, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470